UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | | |
|---|---|---|---|
| James Latron Sumter, | ) | Crim. No.: | 4:18-cr-00772-RBH |
| | ) | Civ. No.: | 4:21-cv-00079-RBH |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | **ORDER** | |
| | ) | | |
| United States of America, | ) | | |
| | ) | | |
| Respondent. | ) | | |
| _____ | ) | | |

This matter is before the Court on Petitioner James Latron Sumter's pro se motion to vacate, set

aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 149. The Government has filed

a motion for summary judgment. ECF No. 204. The Court denies Petitioner's motion and grants the

Government's motion for the reasons herein.[1]

**Background**

In August 2018, Petitioner was indicted for conspiracy to possess with intent to distribute and

distribute cocaine and heroin resulting in death and serious bodily injury, in violation of 21 U.S.C.

§§ 841(a)(1), (b)(1)(C), 846. ECF No. 26. The Government simultaneously filed an information

pursuant to 21 U.S.C. § 851(a)(1) based on his prior conviction for a felony drug offense. ECF No. 30.

Attorney Nicholas Lewis was appointed to represent him. ECF Nos. 11 & 13.

---

[1]     An evidentiary hearing is unnecessary because "the motion and the files and records of the case conclusively
show that [Petitioner] is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 539
(4th Cir. 2010) (discussing § 2255(b)). The Court is mindful of its duty to liberally construe Petitioner's pro se
filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally
construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012)
("Although courts must liberally construe the claims of pro se litigants, the special judicial solicitude with which a
district court should view pro se filings does not transform the court into an advocate." (cleaned up)).

In December 2018 (after a *Frye*[2] hearing), Petitioner pled guilty pursuant to a written plea agreement to the offense as charged in the indictment, and the Government withdrew the § 851 information. ECF Nos. 53, 54, 59, 60, 61 & 79. However, in January and February 2019, Petitioner moved to withdraw his plea and sought substitute counsel. ECF Nos. 62, 63, 65, 67, 69, 72 & 73. Lewis was relieved as counsel and Attorney W. James Hoffmeyer was appointed to represent Petitioner. ECF Nos. 80 & 81. The Court denied Petitioner's motion to withdraw his guilty plea after a hearing. ECF Nos. 102 & 106.

In August 2019, the Court sentenced Petitioner to the mandatory minimum sentence of twenty years' (240 months') imprisonment. ECF Nos. 111 & 112. Petitioner (still represented by Hoffmeyer) pursued a direct appeal; the Fourth Circuit affirmed the Court's judgment, and the Supreme Court denied certiorari. ECF Nos. 115, 123 & 134; *see United States v. Sumter*, 801 F. App'x 195 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 381 (2020).[3]

On January 4, 2021,[4] Petitioner filed the instant § 2255 motion.[5] ECF No. 149. Thereafter, Attorneys Lewis and Hoffmeyer filed affidavits addressing their representation of Petitioner. ECF Nos. 167 & 190. The Government filed a response in opposition to Petitioner's motion and a motion for summary judgment. ECF No. 204.

---

[2]    *Missouri v. Frye*, 566 U.S. 134 (2012).

[3]    The Court denied Petitioner's subsequent motions for compassionate release, and the Fourth Circuit affirmed. ECF Nos. 221, 230, & 234; *see United States v. Sumter*, No. 21-7510, 2022 WL 228862 (4th Cir. Jan. 25, 2022).

[4]    Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

[5]    Petitioner attached various materials to his § 2255 motion and made subsequent filings in support of the motion. ECF Nos. 149-2 through 149-7; ECF Nos. 159, 161, 170, 172, 174, 175, 176, 177, 178, 180, 182, 184, 188, 196, 201, 207, 210, 212, 213 & 216. Additionally, before filing the § 2255 motion, he filed two motions for discovery. ECF Nos. 142 & 146. The Court has reviewed and considered all filings.

**Legal Standard**

A prisoner in federal custody may attack the validity of his sentence pursuant to 28 U.S.C. § 2255 by filing a motion in the court that imposed the sentence.  For a court to vacate, set aside, or correct a sentence, a petitioner must prove one of the following occurred: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).

The district court need not hold an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010). The determination of whether to hold an evidentiary hearing ordinarily is left to the sound discretion of the district court. *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970).  "When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment."  *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see* Rule 12, Rules Governing Section 2255 Proceedings ("The Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).

"The evidence must be viewed in the light most favorable to the non-moving party, with all reasonable inferences drawn in that party's favor. The court therefore cannot weigh the evidence or make credibility determinations." *Reyazuddin v. Montgomery Cty.*, 789 F.3d 407, 413 (4th Cir. 2015) (internal citation and quotation marks omitted).

## Discussion

Petitioner lists eight issues in his § 2255 motion: (1)/(2) ineffective assistance of counsel as to Attorney Lewis; (3) ineffective assistance as to Attorney Hoffmeyer; (4) evidentiary hearing; (5) prosecutorial misconduct; (6) First Step Act;[6] (7) reconsideration of his sentence under § 2255; and (8) *Burrage*.[7]  ECF Nos. 149 & 149-1; *see also* ECF No. 159 (referring to the eight issues). Petitioner addresses these issues throughout his various filings. *See* Footnote 5, *supra*. He also raises a ninth issue—"substantive reasonableness" of his sentence—in a subsequent filing. ECF No. 176; *see id.* at p. 1 (referring to "this new issue").[8]

### I.    Ineffective Assistance of Counsel (Issues 1, 2, and 3)[9]

Claims of ineffective assistance of counsel must be reviewed under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show counsel's performance was deficient and fell below an objective standard of reasonableness. *Id.* at 687–88. Second, the petitioner must show prejudice, meaning "there is a reasonable probability that, but for counsel's

---

[6]    The First Step Act of 2018, Pub. L. 115–391, 132 Stat. 5194.

[7]    *Burrage v. United States*, 571 U.S. 204 (2014).

[8]    The Government failed to argue procedural default, *see United States v. Said*, 26 F.4th 653, 660 n.11 (4th Cir. 2022) (noting "procedural default is an affirmative defense"), and therefore the Court does not consider it.

[9]    The Government's motion relies in part on the affidavits of Attorneys Lewis and Hoffmeyer. ECF No. 204 at pp. 6, 8–9, 12–14. However, the Court has not relied on those affidavits or made any credibility findings.

unprofessional errors, the result of the proceeding would have been different. A reasonable probability

is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The right to effective

assistance of counsel includes plea bargaining, plea hearings, plea withdrawal hearings, sentencings,

and direct appeals. *See Frye*, 566 U.S. at 143–44 (plea-bargaining process); *Lafler v. Cooper*, 566 U.S.

156, 165 (2012) (sentencing); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985) (appeal); *United States v.*

*Glover*, 8 F.4th 239, 246 (4th Cir. 2021) (2022) (plea and plea withdrawal hearings).

## A.    Attorney Lewis

Petitioner alleges Lewis—his plea counsel—was ineffective by misadvising him, failing to

investigate the case, failing to research the law, lying to him, failing to file a motion to dismiss the

indictment and/or a motion for an evidentiary hearing after Petitioner asked him to do so, "push[ing],"

"rush[ing]," and "coach[ing]" him into pleading guilty, advising him to plead guilty to an offense

carrying a twenty-year mandatory minimum "without [any] evidence that the but for cause [of death]

was cocaine and heroin," conducting plea negotiations before receiving an autopsy report, advising him

to "take the plea without even knowing the actual cause of death," making him "feel like [he] had no

meaningful trial rights," not having a medical expert testify about the victim's cause of death, not

seeking an evidentiary hearing to address a *Burrage*[10] issue, and failing to file a motion to suppress.[11]

---

[10]    In *Burrage*, the Supreme Court held "that, at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." 571 U.S. at 218–19.

[11]    Petitioner also cites a case dealing with competency. ECF No. 149 at p. 3 (citing *Becton v. Barnett*, 920 F.2d 1190 (4th Cir. 1990)); ECF No. 149-1 at p. 18 (same). To the extent Petitioner alleges Lewis failed to address his competency to plead guilty, the Rule 11 colloquy contradicts any such allegation, as discussed herein.
        In a subsequent filing, Petitioner alleges Lewis failed to convey a plea offer that provided for "168-216 [months] instead of 20 to life plea." ECF No. 210 at pp. 33–34; *but see* ECF No. 213-1 at pp. 13–14 (alleging Lewis *advised* Petitioner not to take the "plea offer of 168-216" (emphasis added)); *see generally Frye*, 566 U.S. at 145 ("[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."); *Walters v. Martin*, 18 F.4th 434, 442 (4th Cir.

ECF No. 149 at pp. 3, 7, 20; ECF No. 149-1 at pp. 1–18; ECF No. 159 at pp. 3–4, 6; ECF No. 170 at pp. 51–53; ECF No. 175 at p. 2; ECF No. 177 at pp. 3–4; ECF No. 210 at pp. 24–26; ECF No. 213-1 at pp. 12–13, 21–22. Petitioner claims that his guilty plea was involuntary and that he would have gone to trial but for Lewis's alleged errors. ECF No. 149 at pp. 2–3; ECF No. 149-1 at pp. 1, 7–9; ECF No. 159 at pp. 3–4.

Petitioner's allegations concerning Lewis contradict his testimony during the plea colloquy. *See United States v. Lemaster*, 403 F.3d 216, 221–22 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements.").

At the December 7, 2018 plea hearing,[12] Petitioner testified he understood he was pleading guilty, and the Court found him competent to do so. ECF No. 79 at pp. 7–8, 31–32. Petitioner testified that he was completely satisfied with Lewis's services, advice, and representation; that he had talked with Lewis as often and for as long as necessary; *that Lewis had done everything Petitioner felt Lewis*

_____

2021) (discussing *Frye*). The records from the *Frye* and plea hearings refute Petitioner's allegation. At the *Frye* hearing—that Lewis had requested (ECF No. 53)—Petitioner testified he understood the Government's current plea offer/proposed plea agreement provided for 20 years to life and contained a cooperation provision under U.S.S.G. § 5K1.1. ECF No. 78 at pp. 4–13. At the plea hearing four days later, Lewis explained that in the interim the Government had presented another plea offer/proposed plea agreement under Fed. R. Crim. P. 11(c)(1)(C) providing for a range of 168 to 216 months (14 to 18 years) but omitting any cooperation language, but that Petitioner had instead signed the agreement addressed at the *Frye* hearing. ECF No. 79 at pp. 3–4. As discussed below, Petitioner confirmed he had reviewed, signed, and entered into that agreement freely and voluntarily. ECF No. 79 at pp. 24–26. *See also* ECF No. 95 at pp. 4–5 (summarizing the plea offers presented to Petitioner); ECF No. 122 at p. 17 (same).

[12]     Notably, at the *Frye* hearing four days earlier, Petitioner testified he understood the Government's most recent plea offer and his sentencing exposure. ECF No. 78 at pp. 4–5, 8–10. Lewis noted Petitioner had "raised the issue of wanting to have an evidentiary hearing," and the Court explained to Petitioner that his attorney could move for a judgment of acquittal based on insufficiency of the evidence. *Id.* at pp. 11–13. Petitioner confirmed he understood these points. *Id.* at p. 13. Lewis also discussed *Burrage* at this hearing. *Id.* at p. 16. The record shows Petitioner was likewise aware of *Burrage* and the autopsy report before he pled guilty. ECF No. 106 at pp. 8–9; ECF No. 122 at pp. 10–11.

*should or could have done*; *that Lewis had not failed to do anything Petitioner asked him to do*; that there was nothing else he had wanted Lewis to do before the hearing; *that he had no complaint about Lewis*; that he understood his constitutional rights including the right to plead not guilty and have a jury trial at which he would be presumed innocent; *that at a trial his counsel could object to the Government's evidence and offer evidence on Petitioner's behalf (including compelling witnesses to testify)*; that by pleading guilty he was admitting the truth of the charge, giving up any defenses, and waiving the right to trial; that he was freely and voluntarily pleading guilty and *was not being forced, threatened or pressured to do so*; that he had not been promised anything (other than what was in the plea agreement); that Lewis had fully discussed with him the indictment and explained the charge against him and the possible punishment; that he understood and admitted to the elements of the offense—*including that "serious bodily injury or death resulted from use of the cocaine and/or heroin distributed"*; that he understood the offense carried a mandatory minimum sentence of twenty years' imprisonment (and a maximum of life imprisonment); that he had reviewed, signed, and entered into the plea agreement freely and voluntarily; that Lewis had answered all of Petitioner's questions about that agreement; that nobody had promised him a particular sentence; and that he was in fact guilty of the offense and wanted to plead guilty.  *Id.* at pp. 8–9, 13–20, 24–26, 31 (emphasis added).  Petitioner also testified he agreed with the factual basis for the plea—namely, *that the victim fatally overdosed on cocaine and heroin provided to her by Petitioner.  Id.* at pp. 26–28, 30–31.

Consequently, the contrary allegations in Petitioner's § 2255 motion are subject to summary dismissal as "palpably incredible" and "patently frivolous or false." *Blackledge v. Allison*, 431 U.S. 63, 76 (1977); *see, e.g.*, *Lemaster*, 403 F.3d at 223 ("In the face of Lemaster's testimony during his Rule 11 colloquy . . . , the contrary allegations in his § 2255 motion are palpably incredible and patently

frivolous or false.").

Moreover, a defendant "cannot circumvent a proper ruling on direct appeal by re-raising the same challenge in a § 2255 motion." *See United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013) (internal quotation marks and ellipsis omitted). The Court addressed similar allegations concerning Lewis's purported ineffectiveness when denying Petitioner's motion to withdraw his guilty plea. ECF No. 106 at p. 12 ("Sumter maintains plea counsel was ineffective in his representation and coerced Sumter into pleading guilty."). The Court found Petitioner did not satisfy either *Strickland* prong. *Id.* at p. 13 ("Having sworn at the plea colloquy he was fully satisfied with plea counsel's performance and was not pressured or coerced into pleading guilty, Sumter may not now allege plea counsel's performance was deficient."); *id.* at p. 14 ("[T]here is not a reasonable probability that but for counsel's performance, Sumter would have insisted on proceeding to trial."). The Court also concluded that Petitioner failed to show his plea was unknowing or involuntary and that he had not credibly asserted his legal innocence. *Id.* at pp. 7–12. The Fourth Circuit affirmed this Court's ruling. *See Sumter*, 801 F. App'x at 195 ("[W]e conclude that the district court did not abuse its discretion in denying Sumter's motion to withdraw his plea."). As the Government correctly recognizes, it is improper for Petitioner to relitigate those particular issues already decided. *See* ECF No. 204 at p. 14 (citing *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (stating a defendant cannot "recast, under the guise of collateral attack, questions fully considered" in a direct appeal)); *see, e.g.*, *United States v. Miller*, No. 2:08-cr-01155-SB, 2016 WL 9776409, at *3 (D.S.C. Jan. 22, 2016) (finding the § 2255 petitioner was improperly relitigating issues relating to his motion to withdraw his guilty plea where the district court had previously denied that motion and the Fourth Circuit had affirmed).

The Court will deny Petitioner's § 2255 motion regarding his claims against Attorney Lewis.

8

### B.    Attorney Hoffmeyer

Petitioner alleges Hoffmeyer—who represented him on the motion to withdraw his guilty plea,

at sentencing, and on appeal—was ineffective for failing to investigate and challenge Attorney Lewis's

performance under the fourth *Moore*[13] factor.  ECF No. 149 at pp. 4, 24; ECF No. 149-1 at pp. 19–20;

ECF No. 170 at pp. 74–75; ECF No. 175 at p. 2; ECF No. 177 at p. 5; ECF No. 210 at pp. 30–31; ECF

No. 213-1 at pp. 18–20, 23.  Petitioner cannot show deficient performance or prejudice under

*Strickland*.  Hoffmeyer was aware of the fourth *Moore* factor, as the Court discussed it with him at the

hearing on Petitioner's motion to withdraw his guilty plea.  *See* ECF No. 122 at pp. 35–36 (the Court

discussing with Hoffmeyer "the factor of close assistance of competent counsel").  The Court

considered the fourth *Moore* factor in its order denying Petitioner's motion.  ECF No. 106 at pp. 12–14.

Additionally, Hoffmeyer addressed the fourth *Moore* factor in his appellate brief, *see United States v.*

*Sumter*, No. 19-4585, ECF No. 12 at p. 19 (4th Cir. filed Oct. 25, 2019) (discussing "close assistance

of competent counsel"), and the Fourth Circuit "review[ed] all of the *Moore* factors" when affirming

the Court's ruling.  801 F. App'x at 195.[14]

Next, Petitioner contends Hoffmeyer was ineffective for not raising *Burrage* as a

separate/independent issue (including on appeal).  ECF No. 149-1 at p. 20; ECF No. 170 at p. 75; ECF

No. 196 at p. 4; ECF No. 210 at pp. 32–33; ECF No. 213-1 at pp. 20–21.  However, Hoffmeyer

---

[13]    *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991) (listing six factors that a court considers when a defendant seeks to withdraw his guilty plea, including "(4) whether defendant has had close assistance of competent counsel").

[14]    To the extent Petitioner claims Hoffmeyer was deficient for not raising Lewis's ineffectiveness as an "independent claim" on appeal, ECF No. 213-1 at p. 23, that claim fails because the fourth *Moore* factor necessarily entails review of Lewis's performance; and regardless, Petitioner has been able to raise the claim (and his many allegations regarding Lewis) via the instant § 2255 motion.  *See generally United States v. Ojedokun*, 16 F.4th 1091, 1115 (4th Cir. 2021) ("In this Circuit, a defendant may raise an ineffective assistance claim for the first time on direct appeal only where the ineffectiveness conclusively appears from the record.  Otherwise, the claim should be raised in a collateral proceeding by way of a 28 U.S.C. § 2255 motion." (internal quotation marks and citations omitted)).

addressed *Burrage* at the hearing on Petitioner's motion to withdraw the guilty plea, *see* ECF No. 122 at p. 9, and in his appellate brief, *see Sumter*, No. 19-4585, ECF No. 12 at pp. 4, 17 (addressing *Burrage* in the context of the second *Moore* factor).[15]  Thus, Hoffmeyer was not ineffective in this regard.

Petitioner also argues Hoffmeyer should have filed a motion to suppress and challenged the indictment (which Petitioner claims was duplicitous and multiplicitous and was constructively amended).  ECF No. 175 at p. 2; ECF No. 177 at pp. 5–8; ECF No. 196 at p. 3; ECF No. 210 at pp. 28–30; ECF No. 213-1 at pp. 16–18.  Hoffmeyer was not ineffective in this regard given that Petitioner had already pled guilty when Hoffmeyer was appointed and that Petitioner was subsequently denied the ability to withdraw that plea—thereby forfeiting such suppression and indictment challenges.  *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (discussed below).

Finally, Petitioner asserts Hoffmeyer was ineffective for failing to call witnesses—including Charles Rayford Hunt, Jr. (who helped the victim obtain drugs from Petitioner)—to testify at the sentencing hearing.  ECF No. 149 at p. 24; ECF No. 149-1 at pp. 20–21; ECF No. 177 at pp. 5–6; ECF No. 210 at pp. 26–27; ECF No. 213-1 at pp. 14–15.  Petitioner cannot show deficiency or prejudice under *Strickland*.  Hoffmeyer objected to the presentence report, arguing *inter alia* that Hunt was not credible and that Petitioner maintained his innocence.[16]  ECF No. 120-1 at pp. 1, 4.  At sentencing, Hoffmeyer reiterated that Petitioner "maintained . . . his actual innocence" and "believe[d] that the credibility of Hunt . . . is highly questionable."  ECF No. 121 at pp. 3–4.  The Court overruled these particular objections, noting that Petitioner had admitted to the conduct via his guilty plea and that

---

[15]    A freestanding *Burrage* claim would have been barred by the appeal waiver in the plea agreement.  ECF No. 59 at p. 8.

[16]    Hoffmeyer had also pursued the motion to withdraw Petitioner's guilty plea, albeit unsuccessfully.

"Hunt's credibility was corroborated by" evidence previously considered by the Court. *Id.* at pp. 8–9. The Court also noted its prior order denying Petitioner's motion to withdraw his guilty plea. ECF No. 106 at pp. 10–12 (finding Petitioner had not credibly asserted his legal innocence). Thus, it was objectively reasonable for Hoffmeyer not to call Hunt (or other witnesses) at sentencing, as doing so would have effectively amounted to a renewed attack on Petitioner's guilty plea. Furthermore, Petitioner has not shown a reasonable probability that the result of sentencing—a mandatory minimum 20-year sentence—would have been different but for Hoffmeyer's alleged errors. *See United States v. Freeman*, 24 F.4th 320, 332 (4th Cir. 2022) (stating that in the sentencing context, *Strickland* prejudice means "there is a reasonable probability that [the] sentence would have been different.").

The Court will deny Petitioner's § 2255 motion as to his claims against Attorney Hoffmeyer.

## II.     Evidentiary Hearing (Issue 4)

Petitioner also requests an "evidentiary hearing to determine the facts." ECF No. 149 at pp. 4, 23; ECF No. 149-1 at pp. 23–32; ECF No. 159 at p. 7. However, an evidentiary hearing is unnecessary because "the motion and the files and records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255(b). Moreover, Petitioner's allegations in support of this request contradict his testimony from the Rule 11 colloquy. *See, e.g.*, ECF No. 149 at p. 23 ("We still don't know the cause of death for what I'm being charged with the actual cause"); *id.* ("There is no statute for what I'm indicted for"); ECF No. 149-1 at p. 26 ("we still don't know how [the victim] died"); *id.* ("I ple[d] guilty from being coached by my attorney"). An evidentiary hearing is not warranted here. *See Lemaster*, *supra*; *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993) ("[A] guilty plea constitutes a waiver of all nonjurisdictional defects, *including the right to contest the factual merits* of the charges." (emphasis added) (internal citation and quotation marks omitted)).

## III.    Prosecutorial Misconduct (Issue 5)

Petitioner alleges the Government engaged in prosecutorial misconduct by presenting false and misleading testimony/information to the grand jury, obtaining an insufficient indictment, and making various errors in charging him.  ECF No. 149 at pp. 5, 21; ECF No. 149-1 at pp. 33–40; ECF No. 175 at pp. 2–8; ECF No. 180 at pp. 1–2; ECF No. 210 at pp. 36–38; ECF No. 213-1 at pp. 24–26.  However,

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.[17]

*Tollett*, 411 U.S. at 267; *see Class v. United States*, 138 S. Ct. 798, 805 (2018) ("A valid guilty plea [] renders irrelevant . . . the constitutionality of case-related government conduct that takes place before the plea is entered."); *see, e.g.*, *United States v. Newbold*, 686 F. App'x 181, 188 (4th Cir. 2017) ("Because Newbold's guilty plea was valid, he has waived any challenge to defects in the indictment." (citing *Tollett*)); *Richardson v. United States*, No. 4:11-CR-110-FL, 2015 WL 4366198, at *3 (E.D.N.C. July 16, 2015) (finding *Tollett* barred the "petitioner's claim that the prosecution knowingly allowed [a detective] to falsely testify before the grand jury regarding certain drugs"); *United States v. Fabian*, 798 F. Supp. 2d 647, 677 (D. Md. 2011) (ruling *Tollett* barred the petitioner's claims of "alleged prosecutorial misconduct preceding his guilty plea").[18]

---

[17]     "[A] person complaining of such antecedent constitutional violations is limited in a federal habeas corpus proceeding to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." *Blackledge v. Perry*, 417 U.S. 21, 30 (1974) (internal quotation marks and citation omitted)).

[18]     Petitioner also asserts "there is no statute for what my indictment says," ECF No. 149 at p. 21, but the indictment clearly indicates 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846 are the relevant statutes.  ECF No. 26. Additionally, at the plea hearing, the Court read the indictment (reciting those statutes) and explained the elements of the offense to Petitioner, who then admitted to the offense.  ECF No. 79 at pp. 17–19.

Petitioner also alleges a "prosecution in bad faith" given the substantial sentence he faced. ECF No. 149 at p. 21. Petitioner cites the portion of the sentencing transcript where the Court commented he was facing a more severe sentence than a defendant in another case also involving an overdose. ECF No. 149-1 at pp. 50–51 (citing ECF No. 121 at pp. 20–22). There, however, the Court acknowledged "charging decisions" are "the executive branch's prerogative," *id.* at p. 20; and here Petitioner "has not made a 'showing sufficiently strong to overcome the presumption of prosecutorial regularity' and has not otherwise provided evidence of actual prosecutorial animus," *United States v. Doty*, 832 F. App'x 174, 180 (4th Cir. 2020) (quoting *United States v. Wilson*, 262 F.3d 305, 314–15 (4th Cir. 2001)); *see United States v. Venable*, 666 F.3d 893, 900 (4th Cir. 2012) (holding that to raise a selective prosecution claim, "a criminal defendant must present clear evidence . . . demonstrating that the government was motivated by a discriminatory purpose to adopt a prosecutorial policy with a discriminatory effect" (internal quotation marks omitted)); *see, e.g.*, *United States v. Jones*, 761 F. App'x 210, 212 (4th Cir. 2019) (finding the defendant "ha[d] not shown prosecutorial misconduct" where the Government "pursue[d] charges against her after dismissing charges against the codefendant").

The Court will deny Petitioner's § 2255 motion as to his claims of prosecutorial misconduct.

IV.    **Issues 6, 7, 8, and 9**

In Issue 6, Petitioner copies a portion of the appellate brief that Attorney Hoffmeyer filed in the Fourth Circuit. *Compare* ECF No. 149-1 at pp. 41–43 (arguing guilty plea should be withdrawn in light of the First Step Act), *with Sumter*, No. 19-4585, ECF No. 12 at pp. 21–23 (same). As explained above, a defendant cannot relitigate issues decided on appeal. *See Dyess* & *Boeckenhaupt*, *supra*. Petitioner also invokes the First Step Act elsewhere in his filings, *see* ECF No. 159 at pp. 9–14, but as the Court explained when denying Petitioner's motion to withdraw his guilty plea, the First Step Act does "not

help [him] because it does not change the felonies which qualify to enhance the sentence for a conviction under 21 U.S.C. § 841(b)(1)(C)." ECF No. 106 at p. 10; *see also United States v. Thomas*, 32 F.4th 420, 425 (4th Cir. 2022) ("[A] petitioner charged with an offense in violation of §§ 841(a) and (b)(1)(C) [is] not eligible for relief under the Act because Congress did not directly alter the penalties in Subsection (C)." (citing *Terry v. United States*, 141 S. Ct. 1858, 1863 (2021))).

In Issue 7, Petitioner seeks "reconsideration of [his] sentence . . . under the standards of section 2255." ECF No. 149-1 at p. 44 (citing *Haase v. United States*, 800 F.2d 123 (7th Cir. 1986). As indicated above, the Court has applied the legal standard of 28 U.S.C. § 2255 in evaluating his instant motion.

In Issue 8, Petitioner seeks relief under *Burrage* and reiterates his allegations of Attorney Lewis's purported ineffectiveness regarding that case. ECF No. 149 at p. 7; ECF No. 149-1 at pp. 45–49. Again, Petitioner's guilty plea and testimony during the Rule 11 colloquy warrant summary dismissal of these allegations. *See Lemaster*, *supra.*

In Issue 9, Petitioner appears to argue his sentence is not substantively reasonable. ECF No. 176 at pp. 1–4. However, his mandatory minimum 240-month sentence "is *per se* reasonable." *United States v. Farrior*, 535 F.3d 210, 224 (4th Cir. 2008), *abrogated on other grounds by Rodriguez v. United States*, 575 U.S. 348 (2015); *see, e.g.*, *United States v. Howland*, 822 F. App'x 223, 224 (4th Cir. 2020) ("Because the district court imposed the statutory minimum sentence, we conclude that Howland cannot establish that his sentence of imprisonment is substantively unreasonable.").

The Court will deny Petitioner's § 2255 motion as to Issues 6, 7, 8, and 9.[19]

---

[19]    Petitioner has filed various motions in conjunction with his § 2255 motion; the Court will deny these motions. Regarding the motions for discovery (ECF Nos. 142 & 146), discovery is not warranted because the Court is summarily dismissing Petitioner's § 2255 motion and because he has not shown good cause. *See* Rule 6(a), Rules

## Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Proceedings. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court finds Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## Conclusion

The Court **GRANTS** the Government's motion for summary judgment [ECF No. 204] and **DENIES AND DISMISSES WITH PREJUDICE** Petitioner's § 2255 motion [ECF No. 149]. The

---

Governing Section 2255 Proceedings (requiring leave of court and good cause to permit discovery in a § 2255 proceeding); *United States v. Roane*, 378 F.3d 382, 402–03 (4th Cir. 2004) (discussing the good cause standard). Regarding Petitioner's motion to dismiss the indictment (ECF No. 184), he waived any defects by pleading guilty, *see Tollett*, *supra*, and such a motion is improper since Petitioner's conviction is final, *see United States v. Wolff*, 241 F.3d 1055, 1056–57 (8th Cir. 2001) (explaining relief under Fed. R. Crim. P. 12(b)(2) is unavailable once criminal proceedings end); *United States v. Davis*, 15 F. App'x 63, 2001 WL 735897 (4th Cir. 2001) (same). Regarding Petitioner's motions for an evidentiary hearing (ECF Nos. 196 & 207), such a hearing is unnecessary for the reasons explained in Issue 4 above. The Court denies Petitioner's request for appointment of counsel given that neither discovery nor an evidentiary hearing is warranted. *See* Rules 6(a) and 8(c), Rules Governing Section 2255 Proceedings (providing for appointment of counsel); *see generally Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (no right to habeas counsel). Petitioner has also filed a "Motion to Deny or Stay Respondent's Motion to Dismiss or for Summary Judgment" (ECF No. 213), which is essentially a response in opposition to the Government's motion for summary judgment; in any event, the Court will deny this motion. Entry of default is also improper. Finally, to the extent Petitioner's motions raise challenges related to Issues 1 through 9, they fail for the reasons explained above.

15

Court **DENIES** a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Court **DENIES** Petitioner's motions for discovery [ECF Nos. 142 & 146], motion to dismiss the indictment [ECF No. 184], motions for an evidentiary hearing [ECF Nos. 196 & 207], and motion to deny or stay [ECF No. 213].

**IT IS SO ORDERED.**

Florence, South Carolina                                    s/ R. Bryan Harwell
July 19, 2022                                                R. Bryan Harwell
                                                             Chief United States District Judge